UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

DEC 0 8 2014

David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 14-471S |
| | § | |
| MITSUAKI TAKAHASHI, | § | |
| Defendant. | § | |

## PLEA AGREEMENT

The United States of America, by and through Kenneth Magidson, United States Attorney for the Southern District of Texas, and Sherri L. Zack, Assistant United States Attorney, and Defendant, Mitsuaki Takahashi, and Defendant's counsel, pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### The Defendant's Agreement

1.     Defendant agrees to plead guilty to Count One of the Superseding Information. Count One charges Defendant with Assault, in violation of Title 18, United States Code, § 113(a)(5). Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the Indictment or proven to a jury or judge beyond a reasonable doubt.

### Punishment Range

2.     The **statutory** maximum penalty for a violation of Title 18, United States Code, § 113(a)(5), is a term of imprisonment of up to 6 months, a period of probation of up to 5 years and a fine of not more than $5,000.00.

## Mandatory Special Assessment

3.      Pursuant to Title 18, United States Code, § 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of ten dollars ($10.00) per count of conviction.  The payment will be by cashier's check or money order payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas  77208, Attention: Finance.

## Immigration Consequences

4.      Defendant recognizes that pleading guilty may have consequences with respect to his/her immigration status if he is not a citizen of the United States.  Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future.  Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

## Waiver of Appeal

5.      Defendant is aware that Title 28, United States Code, § 1291, and Title 18, United States Code, § 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant knowingly and voluntarily waives the right to appeal the conviction and the sentence imposed, or the manner in which the sentence was determined.  In the event the Defendant files a notice of appeal following the imposition of the sentence, the United States will assert its rights under this agreement and seek specific performance of this waiver.

6.      In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court.  Defendant is also aware that any estimate of the possible sentencing

2

range under the Sentencing Guidelines that he may have received from his/her counsel, the

United States, or the Probation Office, is a prediction, not a promise, and such estimate **did not**

**induce his guilty plea** and is binding on neither the United States, the Probation Office, nor the

Court. The United States does not make any promise or representation concerning what sentence

Defendant will receive.   Defendant further understands and agrees that the Sentencing

Guidelines are "effectively advisory" to the Court.   *United States v. Booker*, 125 S.Ct. 738

(2005).   Accordingly, Defendant understands that, although the Court must consult the

Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is

not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated

guideline range.

　　　　7.　　　Defendant understands and agrees that each and all waivers contained in the

Agreement are made in exchange for the concessions made by the United States in this Plea

Agreement.

## The United States' Agreements

　　　　8.　　　The United States agrees to each of the following:

　　　　　　(a)　　If Defendant pleads guilty to Count One of the Superseding Information
　　　　and persists in that plea through sentencing, and if the Court accepts this Plea
　　　　Agreement, the United States will move to dismiss Counts One of the Indictment
　　　　at the time of sentencing;

　　　　　　(b)　　At the time of sentencing, the Defendant agrees to not request less than 6
　　　　months imprisonment as a special condition of 3 years probation;

## Agreement Binding - Southern District of Texas Only

　　　　9.　　　The United States agrees that it will not further criminally prosecute Defendant in

the Southern District of Texas for offenses arising from conduct charged in the Indictment.   This

3

Plea Agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney. The United States will bring this Plea Agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices if requested.

### United States' Non-Waiver of Appeal

10.     The United States reserves the right to carry out its responsibilities under the Sentencing Guidelines. Specifically, the United States reserves the right:

(a)     to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b)     to set forth or dispute sentencing factors or facts material to sentencing;

(c)     to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d)     to file a pleading relating to these issues, in accordance with U.S.S.G. § 6A1.2 and Title 18, United States Code, § 3553(a); and

(a)     to appeal the sentence imposed or the manner in which it was determined.

### Sentence Determination

11.     Defendant is aware that the sentence will be imposed after consideration of the Sentencing Guidelines, which are only advisory, as well as the provisions of Title 18, United States Code, § 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court, and that the sentence imposed is within the

4

discretion of the sentencing judge.  If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement.

**Rights at Trial**

12.    Defendant represents to the Court that he is satisfied that his/her attorney has rendered effective assistance.  Defendant understands that by entering into this Agreement, he/she surrenders certain rights as provided in this Plea Agreement.  Defendant understands that those rights include the following:

(a)    If Defendant persisted in a plea of not guilty to the charges, Defendant would have the right to a speedy jury trial with the assistance of counsel.  The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b)    At a trial, the United States would be required to present witnesses and other evidence against Defendant.  Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them.  In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf.   If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court.

(c)    At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify.  However, if Defendant desired to do so, he could testify on his/her own behalf.

**Factual Basis for Guilty Plea**

13.    Defendant is pleading guilty because he is guilty of the charges contained in Count One of the Superseding Information.  If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt.   The following facts, among others would be offered to establish Defendant's guilt:

On August 20, 2014 United Airlines Flight #6 left Narita, Japan bound for Houston, TX. This was a non-stop flight. Mitsuaki Takahashi, 36 years of age, and CY, 21 years of age, were on board. Both are citizens of Japan. Takahashi was headed to Mexico for work purposes. CY was headed to Tampa to visit a friend. Both were to change planes in Houston. Houston was the first port of entry into the United States for this aircraft.

While aboard the flight, Takahashi was assigned seat 45F. The victim, CY, was assigned seat 45E. During the flight, Takahashi initiated unsolicited physical contact with the victim. Takahashi touched the victim's breast and leg. He placed his hand under her skirt and inside her underwear. Takahashi took compromising photographs of the victim with his cell phone without her permission.

The victim was interviewed when she arrived and indicated that she was seated next to Takahashi on the flight. She indicated that they had a conversation and chatted about their travel. At one point in the conversation, Takahashi asked her age and inquired about whether she had a boyfriend. She told him her age and that "yes" she does have a boyfriend. The two played some type of video game on the screen in front of them. CY reported that during the flight she fell asleep. She then realizes that Takahashi had placed his hand on her arm and thigh. He then placed his hand in her underwear. She attempted to ignore him and push his hand away but this made him escalate things. She stated that he touched her again without her permission or consent. She tried to pull away and told him to stop. She stated that he stopped for a while but then started touching her again. She states she gave him a dirty look and tried to prevent his actions. She indicated she was scared and embarrassed.

The victim stated that Takahashi told her he was sorry he had scared her and asked if she wanted to switch to a different seat. She confirmed that Takahashi showed her pictures he took

of her and this upset her.  When the man in 45D got up to use the restroom, CY followed him. She told this passenger, a Japanese business man, what had been going on.  The passenger immediately told a flight attendant who moved her to a different seat.

Takahashi was interviewed and admitted to unlawfully touching CY and taking the pictures.  As the assault occurred in flight it falls within the special maritime and territorial jurisdiction of the United States.

### Breach of Plea Agreement

14.    If Defendant should fail in any way to fulfill completely all of the obligations under this Plea Agreement, the United States will be released from its obligations under the Plea Agreement, and Defendant's plea and sentence will stand.  If at any time Defendant retains, conceals or disposes of assets in violation of this Plea Agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution.  Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this Plea Agreement, and all leads derived therefrom, will be used against Defendant in any prosecution.

### Restitution, Forfeiture, and Fines

15.    This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he/she has any financial interest. Defendant agrees not to dispose of any assets or take any action that would affect a transfer of property in which he has an interest, unless Defendant obtains the prior written permission of the United States.

16.     Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500) by the deadline set by the United States, or if no deadline is set, prior to sentencing.  Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information.  Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

18.     Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer.  Defendant also agrees to direct any banks which have custody of his assets to deliver all funds and records of such assets to the United States.

17.     Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

### Restitution

18.     Defendant agrees to pay full restitution to the victim(s) regardless of the count(s) of conviction.  Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victim(s).  Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment.  Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

8

## Forfeiture

19.     Defendant stipulates and agrees that the property listed in the Indictment's Notice of Forfeiture (and in any supplemental Notices) is subject to forfeiture, and Defendant agrees to the forfeiture of that property. In particular, but without limitation, Defendant stipulates that the following specific property is subject to forfeiture: cell phone owned and in possession of the Defendant aboard the flight.

20.     Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Rule 32.2(b)(4)(A), Fed.R.Crim.Pro.

21.     Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

## Fines

22.     Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any.  Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment.  Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

## Complete Agreement

23.     This written Plea Agreement, consisting of ___12___ pages, including the attached addendum of Defendant and his attorney, constitutes the complete Plea Agreement between the United States, Defendant, and his counsel.  No promises or representations have been made by the United States except as set forth in writing in this Plea Agreement. Defendant acknowledges that no threats have been made against him/her and that he/she is pleading guilty freely and

9

voluntarily because he/she is guilty.

24.    Any modification of this Plea Agreement must be in writing and signed by all parties.

Filed at _____, Texas, on _ECEMBER 8_____, 2014.

_____
Mitsuaki Takahashi
Defendant

Subscribed and sworn to before me on _DECEMBER 8_____, 2014.

DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

Kenneth Magidson
United States Attorney

By: _____          _____
Sherri L. Zack                                                 Brady T. Wyatt, III
Assistant United States Attorney                    Attorney for Defendant
Southern District of Texas

10